# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) Case No. 2:07CR00015 |
| v. | ) |
| | ) **OPINION AND ORDER** |
| **DANIEL DOVE,** | ) |
| | ) By: James P. Jones |
| Defendant. | ) Chief United States District Judge |

*Tyler G. Newby, Trial Attorney, United States Department of Justice, Washington, D.C., Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, and Jay V. Prabhu, Assistant United States Attorney, Alexandria, Virginia, for the United States; Michael B. Gunlicks, Gunlicks Law, L.C., Richmond, Virginia, for Defendant.*

This matter is before the court on appeal from the magistrate judge's grant of the defendant's Motion for Subpoena Duces Tecum, which seeks pretrial production of large categories of documents from a third party. For the reasons set forth, I will sustain the government's objections to the magistrate judge's order, except that the defendant's Motion for Subpoena Duces Tecum is granted if limited to documents that reference the defendant or reflect communications by or with the defendant.

Federal Rule of Criminal Procedure 17(c) allows parties to seek the court's permission to issue a subpoena for the pre-trial production of materials that will be used at trial, provided their provision would not be unreasonable or oppressive. Fed. R. Crim. P. 17(c). The standards for such pre-trial production are set forth in *United States v. Nixon*, 418 U.S. 683 (1974), which requires the moving party to demonstrate

that (1) the documents are both evidentiary and relevant, that is, admissible; (2) the documents are not otherwise procurable before trial; (3) the party cannot properly prepare for trial without early production; and (4) the application is not intended as a general fishing expedition. *Id.* at 699-700.

The defendant is charged with conspiring with other members of the Elite Torrents organization to infringe copyrighted materials by reproducing and distributing these through the Internet for financial gain. The Motion Picture Association of America ("MPAA") conducted an independent investigation of the Elite Torrents organization, the results of which were turned over to the government. In its Motion for Subpoena Duces Tecum the defendant seeks eleven broad categories of discovery from the MPAA, including all documents relating to the investigation or the defendant, all communications between the MPAA and certain individuals running or involved in the conspiracy, all data contained on computer servers used by the conspiracy, all documents prepared by a computer expert on behalf the MPAA to assist in their independent investigation, and all communications from the MPAA to law enforcement or judicial agencies relating to the defendant or the conspiracy. The defendant argues that these materials are evidentiary, would allow him to adequately prepare his defense, and will not be unreasonably burdensome for the MPAA to produce. The government objects to the scope and breadth of the

defendant's subpoena, but states that it is not contesting the production of documents specifically relating to the defendant.

I find that the defendant has not shown sufficient cause for the issuance of the subpoena within the framework of *Nixon*. Because the government does not object to the issuance of a more narrowly-tailored subpoena, I will allow the production of all documents in the possession of the MPAA that either reference the defendant or reflect communications by or with the defendant.

For these reasons, it is **ORDERED** that the government's objections to the magistrate judge's order are sustained, except that the defendant's Motion for Subpoena Duces Tecum is granted if limited to all documents either referencing the defendant or reflecting communications by or with the defendant.

ENTER: April 16, 2008

/s/ JAMES P. JONES
Chief United States District Judge