IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) Case No. 2:07CR00015 |
| v. | ) |
| | ) **OPINION AND ORDER** |
| **DANIEL DOVE,** | ) |
| | ) By: James P. Jones |
| Defendant. | ) Chief United States District Judge |

*Tyler G. Newby, Trial Attorney, United States Department of Justice, Washington, D.C., Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, and Jay V. Prabhu, Assistant United States Attorney, Alexandria, Virginia, for the United States; Michael B. Gunlicks, Gunlicks Law, L.C., Richmond, Virginia, for Defendant.*

The defendant Daniel Dove, found guilty by a jury of criminal copyright infringement and conspiracy to commit criminal copyright infringement, has filed a timely Motion for Judgment of Acquittal and Motion for New Trial in the Interest of Justice. For the reasons set forth in this Opinion, the motions will be denied.

I

The Indictment in this case charged the defendant with being a high-level member of an Internet piracy organization known as "Elite Torrents" during the years 2004 and 2005, in violation of 17 U.S.C.A. § 506(a)(1)(A) (West 2005), 18 U.S.C.A. § 2319(b) (West Supp. 2008), and 18 U.S.C.A. § 371 (West 2000). The government contended at trial that the defendant participated in the reproduction and distribution

of pirated copyrighted movies, software programs, and video games. The defendant did not contest being involved in the Elite Torrents group, but denied that he knew that his conduct was illegal.

In his present motion, the defendant contends that the government's evidence was insufficient to prove that he acted willfully. Alternatively, he seeks a new trial on the ground that the court erred in (1) instructing the jury and (2) excluding certain hearsay testimony.

The defendant's motion has been briefed and is ripe for decision.[1]

II

SUFFICIENCY OF THE EVIDENCE.

The convictions here must be sustained if, viewed in the light most favorable to the government, there is substantial evidence to support them. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). The Fourth Circuit has defined substantial evidence as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting

---

[1] Although given the opportunity, neither party has requested oral argument and I will dispense with it because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, the court does not review the credibility of the witnesses, but assumes that the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). Moreover, the court must evaluate the cumulative evidence in its totality—in other words, "we must not rend the garment of which the evidence is woven lest we analyze each individual fiber in isolation." *Burgos*, 94 F.3d at 863.

While it is also possible to grant a new trial based on the inadequacy of the evidence, a new trial on this ground is to be granted only "sparingly" in the "rare circumstance when the evidence weighs heavily" against the jury's verdict. *United States v. Singh*, 518 F.3d 236, 249 (4th Cir. 2008) (internal quotation omitted).

The defendant argues that the government did not prove that he acted willfully, because it did not show that he understood that the reproduction and distribution of copyrighted materials constituted infringement, in the absence of the exchange of money.[2]

---

[2] The jury was instructed that the government was required to prove that the defendant engaged in copyright infringement for the purpose of "private financial gain" but that the government need only establish that the defendant acted with the expectation of receiving something of value, which could include receiving other copyrighted works. (Instruction No. 24.) The government's evidence showed that as a member of the organization the defendant received pirated movies and expensive computer software, among other things.

- 3 -

The jury was instructed without objection that willfulness was a necessary element of the government's case. The jury was told that:

> The word "willfully" as used in the Indictment and these instructions means a voluntary, intentional violation of the law or violation of a legal duty. An act or failure to act is "willfully" done if done voluntarily and intentionally, and with specific intent to do something the law forbids.
>
> In determining whether the defendant acted willfully, you may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence in the case, including direct and circumstantial evidence.
>
> Conduct is not "willful" if due to negligence, inadvertence, or mistake. Moreover, evidence of reproduction or distribution of a copyrighted work, by itself, shall not be sufficient to establish willful infringement.

(Instruction No. 12.)

I agree with the government that the evidence was sufficient to support the verdict of the jury. Other members of the Elite Torrents conspiracy testified for the government and acknowledged their own willfulness in participating in the infringement. There was also evidence of admissions by the defendant indicating that he knew that his conduct was unlawful. While the jury might have believed his testimony that he acted innocently in participating in the Elite Torrent organization, they were not required to do so.

WILLFUL BLINDNESS INSTRUCTION.

The defendant urges that it was error for the court to instruct the jury as follow:

> You may find that the defendant acted "knowingly" and "willfully" if you conclude that he was "willfully blind" to what was obviously taking place. You may find that the defendant was "willfully blind" if the evidence proves beyond a reasonable doubt that he deliberately closed his eyes to what would have otherwise been obvious to him. That is, that he had a conscious purpose to avoid enlightenment.
>
> Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of a fact. Actual knowledge and deliberate or conscious avoidance of knowledge are the same thing.
>
> On the other hand, for you to conclude that the defendant was "willfully blind" to the criminal nature of what was taking place, the evidence must show something more than careless disregard or mistake. Therefore, if this is all the evidence shows, you must find the defendant not guilty.

(Instruction No. 25A.)

A form of this instruction was proffered by the government after the defendant had testified. While the court's pretrial order required the government to present its requested instructions prior to trial, I considered the submission at this later time because of the nature of the defendant's exculpatory testimony.

- 5 -

The instruction was not erroneous. "A willful blindness instruction is appropriate when the defendant asserts a lack of guilty knowledge but the evidence supports an inference of deliberate ignorance." *United States v. Abbas,* 74 F.3d 506, 513 (4th Cir.1996) (quotations omitted). Where supported by the evidence, it is proper to give a willful blindness instruction where, as here, conviction requires proof of the intentional violation of a known duty. *See United States v. Griffin*, 524 F.3d 71, 77-78 (1st Cir. 2008).

The defendant testified that he had believed, mistakenly, that the fact that he was not receiving money for his reproduction and distribution of copyrighted material insulated him from any liability. Because the government was required to prove lack of mistake or negligence on the defendant's part, it was proper to advise the jury of the inference that it could draw from evidence of the defendant's conscious avoidance of knowledge of his legal duty. *See United States v. Guay*, 108 F.3d 545, 551 (4th Cir. 1997).

CONSPIRACY AND AIDING AND ABETTING INSTRUCTIONS.

The defendant contends that the conspiracy and aiding and abetting instructions given by the court were erroneous because they did not properly convey to the jury the necessary state of mind for his conviction.

This objection is without merit. The conspiracy instruction required the jury to find that the government had proved beyond a reasonable doubt that he knew of the unlawful purpose of the conspiracy and knowingly joined it. (Instruction No. 15.) It also required the jury to find that the unlawful purpose of the conspiracy was to commit copyright infringement, which crime was defined in another instruction. (*Id.*)

The aiding and abetting instruction required the jury to find that willful copyright infringement as charged was to be committed or was being committed and that he did some act knowingly and willfully to aid in the crime, with the intention of causing the crime to be committed. (Instruction No. 25.)

These instruction accurately set forth the state of mind of the defendant required for him to be convicted. The fact that the conspiracy instruction did not repeat the word "willfully" or that the aiding and abetting instruction used the word "knowingly" in addition to "willfully" is without consequence.

EXCLUSION OF HEARSAY.

The defendant moved at trial to introduce the statement of an out-of-court declarant for the truth of the statement. Counsel for the defendant represented that the witness, Rudy O. Corella, also known as "Krylon," a member of the Elite Torrent organization, could not be located and thus his hearsay evidence was admissible under Federal Rule of Evidence 804.

- 7 -

Case 2:07-cr-00015-JPJ-PMS   Document 90   Filed 08/25/08   Page 7 of 8   Pageid#: 727

The exclusion of this hearsay was proper. It was not shown that reasonable efforts had been made to obtain the witness's presence or that the statement was otherwise admissible even had the proper showing been made.

III

For the foregoing reasons, it is **ORDERED** that the Motion for Judgment of Acquittal and Motion for New Trial in the Interest of Justice are DENIED.

ENTER: August 25, 2008

/s/ JAMES P. JONES
Chief United States District Judge

- 8 -

Case 2:07-cr-00015-JPJ-PMS   Document 90   Filed 08/25/08   Page 8 of 8   Pageid#: 728